IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Kevin W. Schmidt, | Case No. 3:06 CV 1531 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Rossford Police Department, et al., | |
| Defendants. | |

### BACKGROUND

Plaintiff, Kevin Schmidt, filed this Section 1983 action against the Rossford Police Department, the Municipality of Rossford, and Officer Vinson (Vinson) after being arrested for driving without a valid license (Doc. No. 1). The charge was later dismissed when Schmidt produced a valid driver license. Petitioner now alleges the arrest violated his rights under the Fourth and Fourteenth Amendments and state laws.

This Court has jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction based on Section 1983 claims. The case was referred to United States Magistrate Judge Armstrong for a Report and Recommendation (Recommendation) pursuant to Local Rule 72.2(b)(2). Defendants filed a Motion for Summary Judgment (Doc. No. 34), Plaintiff opposed (Doc. No. 47), and Defendants replied (Doc. No. 50). The Magistrate Judge recommended the Court grant the Motion for Summary Judgment (Doc. No. 51).

This action is before the Court on Plaintiff's Objections (Doc. No. 54) to which Defendants filed a Response (Doc. No. 55). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings.

## DISCUSSION

### Factual Background

Plaintiff does not object to the facts in the Recommendation (pp. 3-4). The Recommendation accurately reports the factual background, and the Court adopts them in their entirety. A summary of those facts are as follows:

Plaintiff worked at a club in downtown Toledo, Ohio and resided in Pennsylvania. On June 22, 2004, Plaintiff left the club, stopped in Rossford to meet with friends and was returning to Pennsylvania around 2:30 a.m. Plaintiff was driving his girlfriend's 1998 Pontiac with Pennsylvania license plates when he suddenly realized he was in an unfamiliar area. Plaintiff made a u-turn and accelerated to a high rate of speed. Vinson engaged his radar unit and followed Plaintiff for several miles. When Plaintiff reached a speed of 65 mph, Vinson initiated a traffic stop and notified dispatch that he was stopping Plaintiff.

Plaintiff was unable to produce his driver license; however, he informed Vinson he had a valid license and gave Vinson his name, address, post office box and social security number. Vinson provided this information to the dispatcher who advised him the license was invalid. Plaintiff was arrested and transported to the Rossford Police Station for processing. Although Plaintiff appeared in court on the morning of June 22, he was not released until June 23 when his girlfriend arrived and

posted bail. Pursuant to a plea agreement, the charge for no driver license was dismissed, and Plaintiff pled no contest to the charge of speeding.

### Objections

Plaintiff argues the Magistrate erred because Vinson misread or ignored a records check showing Plaintiff had a valid Pennsylvania license, and therefore Plaintiff's claims for malicious prosecution and abuse of process under Section 1983 should not have been dismissed. Plaintiff also argues the Magistrate erred in dismissing the state law claims for malicious prosecution and false imprisonment.

### Malicious Prosecution

Plaintiff maintains the Magistrate erred in dismissing his malicious prosecution claim because Vinson did not have probable cause to continue the arrest after he returned to the police station where the LEADS print-out was available for him to review and which showed the dispatcher had run a license check in Ohio, not Pennsylvania. Although Vinson was certified to use LEADS, he admitted he was not proficient in its use and relied upon the dispatcher to relay the correct information. This Court however need not address whether Vinson had probable cause to arrest Plaintiff because the malicious prosecution claim is dismissed on other grounds.

Plaintiff is correct in stating the Sixth Circuit recognizes Section 1983 claims for malicious prosecution under the Fourth and Fourteenth Amendments. *See Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007). However, the Sixth Circuit has not yet established the elements to prove such a claim, other than probable cause. Whatever the other elements may be, one obvious element necessary for recovery must be a showing of malice. For example, under Ohio law: "In order to prevail the plaintiff must prove the following elements: (1) malice in instituting or continuing the

3

prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Criss v. Springfield Twp.*, 56 Ohio St. 3d 82, 84 (1990).

Here, Plaintiff failed to provide any evidence of malice. Assuming Vinson erred in not fully investigating the LEADS print-out, this mistake was at most negligent and does not rise to the level of malicious conduct. As such, Plaintiff cannot succeed on a malicious prosecution claim.

**Abuse of Process**

Plaintiff next objects to the dismissal of his abuse of process claim. Although the Sixth Circuit has not specifically determined whether a claim for abuse of process is a cognizable constitutional claim that can be redressed under Section 1983, the Court will analyze Plaintiff's claim mirroring the elements of state law. *See Voyticky v. Village of Timberlake*, 412 F.3d 669, 676 (6th Cir. 2005).

Under Ohio law, abuse of process requires: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St. 3d 294, 298 (1994). Although Plaintiff asserts Vinson arrested Plaintiff in order to thoroughly search his car for narcotics, Vinson had sufficient probable cause to arrest Schmidt, based on the dispatcher's report that Schmidt did not have a valid license. And the search of the car was proper as a search incident to the valid arrest. *See South Dakota v. Opperman*, 428 U.S. 364, 376 (1976); *United States v. Pryor*, 174 F. App'x 317, 320 (6th Cir. 2006). Thus, there was no perversion of the arrest process.

Plaintiff also fails to provide any evidence Vinson attempted to arrest Plaintiff for drug possession. Plaintiff's theory of a possible ulterior motive is based solely on Vinson's statement that Plaintiff was stopped in "not such a great area." This lone statement falls far short of evidence

4

relating to any ulterior purpose. The Court finds no disputed issue of material fact, and therefore, the abuse of process claim was properly dismissed.

### Qualified Immunity on Section 1983 Claims

Plaintiff objects to the dismissal of the civil rights claims based on qualified immunity. However, the Magistrate's Recommendation addresses the qualified immunity claim as an alternative theory of dismissal of the Section 1983 malicious prosecution claim. As noted above, the Court confirms the dismissal of the Section 1983 claims on the merits and, therefore, need not address the defense of qualified immunity.

### City of Rossford's Liability

Plaintiff argues the City of Rossford did not have a training policy to address constitutional violations, as reflected by Vinson's lack of understanding about LEADS. However, as the Magistrate correctly recognized, a single incident involving one officer is wholly inadequate to demonstrate a policy as required under Section 1983. *See O'Brien v. City of Grand Rapids*, 23 F.3d 990, 1001 (6th Cir. 1994). Plaintiff has not presented any additional facts regarding how other officers were trained, what the training included, or what it should have included. Without such evidence, Plaintiff's Section 1983 claim against the City of Rossford necessarily fails.

### Qualified Immunity on State Claims

Finally, Plaintiff asserts the Magistrate erred in finding Vinson was immune from state law claims of malicious prosecution and false imprisonment. Generally, state employees are immune when an injury occurs in connection with a governmental function, but Ohio Revised Code Section 2744.03(A)(6)(B) recognizes an exception to this immunity where an officer acts with "malicious purpose, in bad faith, or in a wanton or reckless manner." However, as previously noted, Plaintiff fails to establish any evidence to prove Vinson's behavior was malicious, in bad faith, wanton, or

5

reckless. Plaintiff is required to provide some evidence of a "failure to exercise any care whatsoever." *Fisher v. Harden*, 2005-Ohio-4965, at ¶ 26 (Ohio Ct. App. 2005). Vinson called the dispatcher and requested the necessary information about the validity of Plaintiff's driver license, and he fairly relied on that information when taking Schmidt into custody. At most, Vinson's failure, when he returned to the station to personally examine the LEADS print-out, constituted negligence, which does not defeat qualified immunity.

## CONCLUSION

After conducting a *de novo* review of the Recommendation, Plaintiff's Objections are found not well-taken, and the Magistrate's Recommendation is adopted consistent with this Opinion. This Court confirms that Defendants are entitled to judgment as a matter of law.

IT IS SO ORDERED.

                                                               s/ *Jack Zouhary*
                                                               JACK ZOUHARY
                                                               U. S. DISTRICT JUDGE

                                                               August 27, 2008